## Maxwell's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Frysinger Evans,* for exceptants; *John J. Mitchell, Jr.,* contra.

HENDERSON, J., December 23, 1932.—These writings are testamentary in character and such intent of the testatrix is obvious. The question raised by the exceptions is whether, to use the words of Blackstone (2 Bla. Com. 499-500), it is "the legal declaration of a man's intentions which he wills to be performed after his death."

Were these writings signed at the end? If so they are entitled to probate, otherwise not. The writings are fully set forth in the opinion of the presiding judge. He ruled they were not signed at the end. We agree with his ruling and reasons given therefor.

It is argued that the end of the codicil is where the testatrix intended and regarded the end, and that the inscription on the envelope was sequentially written. In support of this position, Fosselman *v.* Elder, Executor, etc., 98 Pa. 159, is cited. This was an envelope case in which the inscription on the envelope

was addressed: "Dear Bella, this is for you to open," and inside was this codicil duly signed:

"Lewistown, Oct. 2d, 1879.

"My wish is for you to draw this 2000 dollars for your own use should I die sudden.          "ELIZABETH FOSSELMAN."

In that case the signing at the end was admitted. The only question was the identification of "Bella" in the inscription on the envelope with the "you" in the codicil.

We know of no case where an endorsement on the envelope was accepted as a signing at the end.

In the instant case the signature was not at the end of the codicil, nor was it so intended and regarded by the testatrix, nor can we say it was sequentially so written. It was a mere endorsement on the envelope to the effect that it contained a "codicil to will of Jane Maxwell . . . ," and the within codicil was not signed.

The exceptions are dismissed and the decree of the presiding judge is confirmed absolutely.